UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HENRY COX, JR., | No.  2:22-cv-0154 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff was given an opportunity to file an amended complaint after the original complaint was screened and found to not state any claims for relief.  ECF No. 10.  Plaintiff has filed a first amended complaint.  ECF No. 14.

I.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

3   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6   Franklin, 745 F.2d at 1227-28 (citations omitted).

7           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

10  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

13  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

17  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1    II.      First Amended Complaint

2          The first amended complaint alleges that defendants Valdez, Kelly, Pickett, and Perval

3    violated plaintiff's rights under the Eighth Amendment.  ECF No. 14.  Plaintiff alleges that for

4    five months he was housed in a cell that leaked water from the walls and ceiling, making his cell

5    unsafe because he is disabled.  Id. at 3.  He notified Valdez and Perval, who he identifies as floor

6    officers, on numerous occasions that there was water leading into his cell.  Id. at 2-3, 7.  They told

7    him that there were no other ADA cells to move him into and gave him towels each day to wipe

8    up the water.  Id.  As correctional officers, Valdez and Perval did not have authority to move

9    plaintiff to another cell but notified their supervisor, Kelly, about the water and put in work

10   orders.  Id. at 5, 7.  Kelly was aware of the water in the cell and, as a sergeant, had the authority to

11   move plaintiff to another cell but failed to do so.  Id. at 4.  Kelly told plaintiff that he contacted

12   Pickett about the water and the fact that it had no one had come to repair it and that Pickett had

13   the authority to have the plumbing fixed on an emergency basis.  Id. at 3.  Plaintiff eventually

14   slipped in his cell and was sent to the hospital, at which point someone finally came and fixed the

15   leak.  Id.

16   III.     Failure to Protect

17         "[A] prison official violates the Eighth Amendment only when two requirements are met.

18   First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

19   omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer

20   v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second,

21   the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate

22   indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The

23   official is not liable under the Eighth Amendment unless he "knows of and disregards an

24   excessive risk to inmate health or safety."  Id. at 837.  Then he must fail to take reasonable

25   measures to lessen the substantial risk of serious harm.  Id. at 847.

26         Although plaintiff does not specify his disability, it can be inferred from the allegations

27   that he has a disability that affects his mobility, making a slippery floor especially dangerous.

28   Plaintiff has therefore alleged sufficient facts to state a claim against Kelly and Pickett, since they

3

1    had the authority to move plaintiff to another cell or order the repairs be expedited and failed to

2    do so despite knowing about the risk of plaintiff slipping due to the water in his cell.  However,

3    plaintiff fails to state a claim against Valdez or Perval.  Neither defendant had the authority to

4    move plaintiff to another cell, and the allegations show that they regularly provided plaintiff with

5    towels to wipe up the water; notified Kelly about the situation; and put in work orders to try and

6    get the leak fixed.  It therefore appears that Valdez and Perval took reasonable measures to lessen

7    the risk of harm to plaintiff.

8           IV.    Leave to Amend

9           For the reasons set forth above, the court finds that the complaint does not state

10    cognizable claims against defendants Valdez and Perval.  However, it appears that plaintiff may

11    be able to allege facts to remedy this and he will be given the opportunity to amend the complaint

12    if he desires.  Plaintiff may proceed forthwith to serve defendants Kelly and Pickett, or he may

13    delay serving any defendant and amend the complaint.

14           Plaintiff will be required to complete and return the attached notice advising the court how

15    he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

16    file an amended complaint.  If plaintiff elects to proceed on his claims against defendants Kelly

17    and Pickett without amending the complaint, the court will proceed to serve the complaint.  A

18    decision to go forward without amending the complaint will be considered a voluntarily dismissal

19    without prejudice of all claims against defendants Valdez and Perval.

20           If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

21    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

22    423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

23    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

24    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

25    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

26    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

27    participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

28    268 (9th Cir. 1982) (citations omitted).

4

1    Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

2    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

3    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

4    amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

5    1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

6    Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

7    in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

8    any previous complaints no longer serve any function in the case.  Therefore, in an amended

9    complaint, as in an original complaint, each claim and the involvement of each defendant must be

10   sufficiently alleged.

11       V.    Plain Language Summary of this Order for a Pro Se Litigant

12       Some of the allegations in the complaint state claims against the defendants and some do

13   not.  You have stated a claim for failure to protect against Kelly and Pickett, but not against

14   Valdez and Perval.

15       You have a choice to make.  You may *either* (1) proceed immediately on your failure to

16   protect claim against Kelly and Pickett and voluntarily dismiss the other defendants *or* (2) try to

17   amend the complaint.  If you want to go forward without amending the complaint, you will be

18   voluntarily dismissing without prejudice your claims against Valdez and Perval.  If you choose to

19   file an amended complaint, it must include all claims you want to bring.  Once an amended

20   complaint is filed, the court will not look at any information in the original complaint.  **Any**

21   **claims and information not in the second amended complaint will not be considered.**  You

22   must complete the attached notification showing what you want to do and return it to the court.

23   Once the court receives the notice, it will issue an order telling you what you need to do next (i.e.

24   file an amended complaint or wait for defendants to be served).

25       In accordance with the above, IT IS HEREBY ORDERED that:

26       1.  Plaintiff's claims against defendants Valdez and Perval do not state claims for which

27   relief can be granted.

28       2.  Plaintiff has the option to proceed immediately on his failure to protect claim against

1  defendants Kelly and Pickett as set forth in Section III above, or to amend the complaint.

2      3.  Within fourteen days of service of this order, plaintiff shall complete and return the

3  attached form notifying the court whether he wants to proceed on the screened complaint or

4  whether he wants to file an amended complaint.  If plaintiff does not return the form, the court

5  will assume that he is choosing to proceed on the complaint as screened and will recommend

6  dismissal without prejudice of all claims against defendants Valdez and Perval.

7  DATED: November 8, 2023

8  ALLISON CLAIRE

9  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALBERT HENRY COX, JR.,                    No.  2:22-cv-0154 AC P

12              Plaintiff,

13         v.                                    NOTICE OF ELECTION

14    J. PICKETT, et al.,

15              Defendants.

16

17         Check one:

18    _____ Plaintiff wants to proceed immediately on his failure to protect claim against defendants

19         Kelly and Pickett without amending the complaint.  Plaintiff understands that by going

20         forward without amending the complaint he is voluntarily dismissing without prejudice all

21         claims against defendants Valdez and Perval pursuant to Federal Rule of Civil Procedure

22         41(a).

23

24    _____ Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                   _____
                                      Albert Henry Cox, Jr.
28                                    Plaintiff pro se

                                      1